UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TODD M. FEATHERSTONE,

        Plaintiff

    -vs-

CRAIG A. LOWE, Warden, and
DR. WILLIAM SPRAGUE,

        Defendants

NO. 3:CV-06-2271

(Judge Kosik)

## **MEMORANDUM**

Todd M. Featherstone, an inmate confined at the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983 on November 24, 2006.[1] Named as defendants are Craig A. Lowe, Warden, and William Sprague, Doctor. In his complaint, plaintiff questions the medical treatment that he is receiving for back problems. He seeks compensatory and punitive damages. The case is before the court for preliminary screening pursuant to 28 U.S.C. §1915(e)(2)(B). For the reasons which follow, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Background

In his "Statement of Claim," plaintiff alleges that he had lower back surgery in 1999 and that before entering the Pike County Correctional Facility, he was told he needed a "spine fuzion." Plaintiff states that when he entered the Correctional Facility, he advised

---

[1] Plaintiff completed this court's form application for leave to proceed *in forma pauperis* and authorization form. An Administrative Order was thereafter issued on November 29, 2006 (Doc. 4), directing the Warden to commence deducting the full filing fee from plaintiff's prison trust fund account.

the defendant[2] of his back problems. At that time, plaintiff was prescribed 50 mg. of "Elavil" for pain. Plaintiff complained of pain over time and his medication dosage was increased to 100 mg. Plaintiff alleges that his back condition worsened while incarcerated. He complained of shooting pain down the right side of his body and numbness down the left side. He also complained of headaches, problems walking up and down stairs and lack of sleep. He complains that he is constantly in pain. Plaintiff claims that he informed the defendant of his increased symptoms, and the defendant increased his medication dosage to 150 mg. Defendant put plaintiff on a list for an x-ray. Plaintiff further alleges that on October 31, 2006, the defendant went over the x-rays with the plaintiff and told the plaintiff it showed a little problem. Plaintiff requested an MRI to show soft tissue problems, and the defendant refused. The defendant acknowledged that plaintiff had pinched nerves. The defendant offered to increase plaintiff's medication, but plaintiff said he did not want more medication. Plaintiff said he wanted to know why he was having numbness and shooting pains and he told the defendant he wanted a second opinion. The defendant told plaintiff that he already explained to him why he was having pain and that when he was released, he could see any one he wanted. Plaintiff then notes that the defendant is a physician and not a back specialist.

Discussion

Plaintiff is seeking to redress what he purports to be violations of his constitutional rights through 42 U.S.C. §1983. Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be

---

[2] We note that throughout the "Statement of Claim," the plaintiff refers to "the defendant." We assume the defendant to which plaintiff refers is Dr. William Sprague.

> granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing a complaint to determine whether it fails to state a claim, the principles applied in a Federal Rule of Civil Procedure 12(b)(6) analysis are utilized. A motion to dismiss should not be granted if "under any reasonable reading of the pleadings, the plaintiff [ ] may be entitled to relief . . . ." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). In making that decision, a court must accept as true all well-pleaded allegations in the complaint, *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000), and construe any reasonable inferences to be drawn from them in the plaintiff's favor. *See United States v. Occidental Chemical Corp.*, 200 F.3d 143, 147 (3d Cir. 1999). Consequently, the court need not accept "bald assertions" or "legal conclusions." *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover, however, is properly dismissed without leave to amend. *Id.*

Plaintiff seeks to redress what he claims is a violation of his constitutional rights through 42 U.S.C. §1983. To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The plaintiff appears to allege that his right to adequate medical care under the Eighth Amendment was violated by defendant Sprague because he addressed plaintiff's complaints of back pain by increasing the

dosage of his medication; only allowed plaintiff to receive an x-ray, not an MRI; and refused plaintiff's request for a second opinion.[3]

The Eighth Amendment "requires prison officials to provide basic medical treatment to those [ ] incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).  To establish a medical claim based on the Eighth Amendment, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need.  *See* *Spruill v. Gillis*, 372 F.3d 218, 235-36 (3d Cir. 2004).

In *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999), the Court of Appeals for the Third Circuit set forth the standard necessary to establish a claim for deliberate indifference to a prisoner's medical needs.  The Court stated:

> The Eighth Amendment prohibits the imposition of unnecessary and wanton infliction of pain contrary to contemporary standards of decency.  In *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated.  The Court articulated the standard to be used: In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.  *Id.* at 106, 97 S.Ct. 285.  Therefore, to succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious . . . .  It is well settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute "deliberate indifference."  As the *Estelle* Court noted: "[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind,'" *Id.* at 105, 97 S.Ct. 285 . . .  Deliberate indifference, therefore, requires obduracy and wantonness . . . which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk . . . .

---

[3]As we noted earlier, plaintiff's "Statement of Claim" refers only to defendant Sprague.  Plaintiff makes no allegations as to defendant Warden Lowe.  Accordingly, we will dismiss him from this action.  *See, Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

*Id.* at 197 (some internal citations and quotations omitted).

Without the requisite mental state, a prison official's conduct alone will not constitute deliberate indifference.  *See* *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). Negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a successful claim, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference.  *See* *Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993).

Reading the complaint in the most favorable light to plaintiff, *see* *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), plaintiff fails to state an actionable claim against either defendant.  At best, the allegations set forth his dissatisfaction with the treatments received for his back condition and/or malpractice.  There is no questions that plaintiff has been seen by Dr. Sprague regarding his back pain.  While plaintiff disagrees with an increase in medication to alleviate his back pain, and his requests for an MRI and second opinion were denied, the averments do not suggest that Dr. Sprague's treatment was malicious or made with deliberate indifference.  Plaintiff states that he has been dealing with back problems for the past seven years.  Moreover, plaintiff admits that while he has been incarcerated, he has continuously received treatment, including medication and x-rays. While he may disagree with the type of treatment he is receiving, he does not set forth any allegations which even suggest deliberate indifference on the part of defendant Sprague. Since plaintiff fails to state a claim upon which relief can be granted, the action will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).  An appropriate Order is attached.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TODD M. FEATHERSTONE,

          Plaintiff

    -vs-

CRAIG A. LOWE, Warden, and
DR. WILLIAM SPRAGUE,

          Defendants

NO. 3:CV-06-2271

(Judge Kosik)

## **ORDER**

NOW, THIS 30th DAY OF NOVEMBER, 2006, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted;

2. The Clerk of Court is directed to **CLOSE** this case;

3. Any appeal taken from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

                                                    s/Edwin M. Kosik
                                                   United States District Judge